UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH ROBINSON, JR., | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   04-0890 (RMU) |
| | : | |
| v. | : | |
| | : | |
| JOHN E. POTTER, | : | Document No.:   6 |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANT'S MOTION TO TRANSFER FOR IMPROPER VENUE

**I.   INTRODUCTION**

The plaintiff, Joseph Robinson, Jr., a former postal employee, brought this action against his former employer, the Postmaster General of the United States Postal Service ("USPS") under the Rehabilitation Act of 1973 ("Rehabilitation Act").[1]  The plaintiff alleges that the USPS: (1) failed to ensure the plaintiff equal access to employment opportunities; (2) discriminated against the plaintiff based on his disability; and (3) refused to provide reasonable accommodations for the plaintiff's disability.  The defendant filed a motion to dismiss or alternatively to transfer this action to the District Court of the District of Maryland claiming that venue in this court is improper. Because the special venue provision in Title VII applies to claims under the Rehabilitation Act and

---

[1]   While the plaintiff indicates in her complaint that she brings this suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), however, the complaint does not state a claim under Title VII.  Compl. at 1.  Moreover, in subsequent filings, the plaintiff acknowledges that the plaintiff referred to Title VII in the complaint "merely because certain provisions of that statute have been incorporated into the Rehabilitation Act, not because plaintiff wishes to a make a [separate] Title VII claim." Pl.'s Opp'n to Def.'s Mot. to Dismiss or in the Alternative to Transfer ("Pl.'s Opp'n") at 1 n.1.  Accordingly, the court treats this complaint as an action brought only under the Rehabilitation Act of 1973 ("Rehabilitation Act").

because the court concludes that the proper venue is the District of Maryland, not the District of Columbia, the court grants the defendant's motion to transfer the action to the District Court of the District of Maryland.

## II.   BACKGROUND

The plaintiff began his employment with the USPS on or about December 10, 1994. Compl. ¶ 5. Throughout his employment, the plaintiff worked in Maryland, specifically at the Southern Maryland Bulk Mail Center in Capital Heights. *Id*. ¶¶ 7, 8, 9. On or about February 26, 1996, the plaintiff suffered a back injury. *Id*. ¶ 5. As a result, the USPS assigned the plaintiff a permanent disability rating. *Id*. The plaintiff's physician advised him and the USPS that he could not engage in heavy or repetitive lifting and required regular access to an ergonomic chair. *Id*. ¶ 6. For years the plaintiff worked as a mail handler at the PS-04 level without incident. *Id*. ¶¶ 7, 8. On January 23, 2000, however, the plaintiff's supervisor assigned the plaintiff to a work detail that the plaintiff did not feel he could perform safely. *Id*. ¶10. The plaintiff alleges that his supervisor refused to listen to the plaintiff's objections and did not allow him to meet with his Union representative. *Id*. ¶ 10. In performing the task assigned, the plaintiff re-injured his back and was again unable to work for several months. *Id*. ¶¶ 10, 11. In May 2000, the plaintiff's physician indicated that the plaintiff could resume working subject to the restriction that he not engage in heavy or repetitive lifting and that he have regular access to an ergonomic chair. *Id*. ¶ 12. The plaintiff alleges that the USPS did not offer the plaintiff his former position or any other position and that the USPS informed the plaintiff that it does not have any positions for which the plaintiff is qualified due to his handicap. Compl. ¶ 12. The USPS and the Equal Employment Opportunity

Commission ("EEOC") rejected the plaintiff's complaint. *Id*. ¶ 13. On June 1, 2004, the plaintiff commenced the instant action in this court.

The plaintiff alleges that the USPS has violated the Rehabilitation Act because it: (1) failed to take affirmative steps to ensure that the plaintiff, as a handicapped individual, had equal access to employment opportunities; (2) discriminated against the plaintiff by not offering the plaintiff a position after he recovered from his back injury; and (3) refused to make reasonable accommodations for the plaintiff's handicap. *Id*. ¶¶ 14, 15, 16. The defendant has not challenged the merits of the plaintiff's allegations. The defendant instead filed a motion to dismiss, or in the alternative, motion to transfer this case to the District of Maryland. The court turns to the defendant's motion.

### III.   ANALYSIS

#### A.   Legal Standard to Transfer Venue in Title VII Cases

Federal Rule of Civil Procedure 12(b)(3) states that the court will dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum. FED. R. CIV. P. 12(b)(3). In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor. *Darby v. U.S. Dept. of Energy,* 231 F. Supp. 2d 274, 277 (D.D.C. 2002); *2215 Fifth St. Assocs. v. U- Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001). The court, however, need not accept the plaintiff's legal conclusions as true. *2215 Fifth St. Assocs.*, 148 F. Supp. 2d at 54. To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. *Id*.

The remedial and procedural provisions of Title VII are incorporated in the Rehabilitation Act. 29 U.S.C. §794(a). Venue for claims under the Rehabilitation Act is therefore governed by 42 U.S.C. 2000e-5 (f)(3). *Archuleta v. Sullivan*, 725 F. Supp. 602, 603-04 (D.D.C. 1989); *Scolion v. Thomas*, 603 F. Supp. 66, 67 (D.D.C. 1984); *see also Benton v. England,* 222 F. Supp. 2d 728, 731 (D. Md. 2002); *Lengacher v. Reno*, 75 F. Supp. 2d 515, 517 (E.D. Va. 1999). Under 42 U.S.C. § 2000e-5(f)(3), a plaintiff may bring a Title VII action in any one of four judicial districts. The statute provides that:

> [s]uch an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). This statutory scheme indicates that Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination. *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969) ("*Stebbins* I ").

If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper. 42 U.S.C. § 2000e-5(f)(3); *Washington v. Gen. Elec. Corp.*, 686 F. Supp. 361, 363 (D.D.C. 1988). When a plaintiff files an action in the wrong district, 28 U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a). Generally, the "interest of justice" requires courts to transfer cases to the appropriate judicial district, rather than dismiss them. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *James v. Booz-Allen*, 2002 WL 31119865, at *3 (D.D.C. 2002).

Courts can determine venue by applying a "commonsense appraisal" of events having operative significance. *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C. Cir. 1978); *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983). Specifically, venue cannot lie in the District of Columbia when "a substantial part, if not all, of the employment practices challenged in this action" took place outside the District even when actions taken in the District "may have had an impact on the plaintiff's situation." *Donnell*, 568 F. Supp. at 94.

### B. The Court Determines That Venue in the District of Columbia is Improper and Transfers This Case to the District of Maryland

The defendant contends that the plaintiff brought this suit under the Rehabilitation Act, which is governed by the special venue provisions articulated in Title VII. 42 U.S.C. §2000e-5(f)(3). The defendant seeks for the court to either dismiss the plaintiff's claim or transfer the claim for improper venue because: (1) at all times, the plaintiff and his supervisors were employed by the USPS at the Southern Maryland Bulk Mail Center; (2) none of the events or omissions giving rise to the plaintiff's claim occurred in the District of Columbia; and (3) the plaintiff's employment records are located in Capital Heights, Maryland. Def.'s Mot. to Dismiss or in the Alternative to Transfer ("Def.'s Mot.") at 3.

The plaintiff argues that the general venue provision, namely 28 U.S.C. § 1391, should apply to the plaintiff's action under the Rehabilitation Act rather than the Title VII venue provisions because the language in the Rehabilitation Act is discretionary. Pl.'s Opp'n to the Def.'s Mot. ("Pl.'s Opp'n") at 3-4. Specifically, the plaintiff contends that 29 U.S.C. § 794(a) only indicates that "remedies, procedures, and rights [under Title VII] shall be available," not that they are required. *Id*. While the plaintiff acknowledges that case precedent indicates that Title VII

venue cannot be based solely on the location of the defendant's principal office when the defendant may be sued elsewhere, the plaintiff argues that the discretionary language used by Congress in 2000e-5(f)(3) does not require this interpretation. *Id*. at 2-3. Further, the plaintiff argues that venue in this court is proper because: (1) the principal headquarters are located in the District of Columbia; (2) the plaintiff complains not only about the conduct of his immediate supervisor but more broadly of the USPS's refusal to offer employment after he recovered from his injury, which occurred at the USPS headquarters in the District of Columbia; (3) the plaintiff last saw his employment records in the District of Columbia when he met with Ms. Grier, Manager of the Capital District Injury Compensation Office; and (4) the plaintiff was offered a position in the District of Columbia during an EEOC mediation session and thus, the District of Columbia is the judicial district where the plaintiff would have worked but for the alleged unlawful employment practice. *Id*. at 4-5, Attach. 1, ("Robinson Aff.") ¶ 12. The defendant indicates, however, that only the injury compensation files are located in Washington, D.C., and that the plaintiff's employment records are located in Capital Heights, Maryland. Def.'s Reply to Pl.'s Opp'n ("Def.'s Reply") at 3, Attach. 1("Chaney Decl.") at 1, Attach. 2 ("Graves Decl.") at 1, Attach. 3 ("Grier Decl.") at 1.

The defendant has presented facts that defeat the plaintiff's assertion of venue in this action. As noted, the special venue provisions of Title VII govern claims under the Rehabilitation Act. *Archuleta*, 725 F. Supp. at 603-04. This is because the Rehabilitation Act expressly adopts the "remedies, procedures, and rights" available under Title VII. 29 U.S.C. § 794a(a)(1).

In order for the plaintiff's claim to survive the venue challenge, the plaintiff must allege one of the following for proper venue: (1) the unlawful employment practice occurred in the District of Columbia; (2) the employment records relevant to the unlawful employment practice are

maintained in the District of Columbia; or (3) the plaintiff would have worked in the District of Columbia but for the unlawful employment practice. 42 U.S.C. 2000e-5(f)(3); *Hayes v. RCA* Serv. Co., 546 F. Supp. 661, 663 (D.D.C. 1982).

It is undisputed that the plaintiff worked in Maryland for his entire career. The plaintiff alleges that it was his Maryland supervisor who failed to adequately accommodate his disability. Compl. ¶¶ 10, 11. The fact that the actions or omissions may be construed to be determinations of the USPS headquarters is insufficient to establish venue. 42 U.S.C. § 2000e-5(f)(3). If the court were to interpret actions or omissions of an administrative agency as decisions determined at the agency's headquarters then a plaintiff would always be able establish venue wherever the principal office is located. Even a cursory review of 42 U.S.C. § 2000e-5(f)(3) reveals that Congress did not intend this; the statute expressly limits the use of the principal office for establishing venue to only situations where a defendant may not be found within the judicial district that is the locus of the alleged discrimination. *Darby*, 231 F. Supp. 2d at 278. In *Darby*, this court rejected the contention that the principal office location alone may be sufficient for establishing venue where the defendant may be sued elsewhere. *Id.* at 278 n.2 (noting that "[t]he Title VII statue does not authorize venue based on the location where management control is exercised"). The plaintiff fails to assert that venue is improper in the District of Maryland. Absent proof that the plaintiff could not attain jurisdiction over the defendant in the District of Maryland, the locus of the alleged discrimination, venue in this court remains improper.

Similarly, the plaintiff's argument that venue is proper because the principal office ultimately made the allegedly unlawful determination fails. Mere speculation of principal office involvement does not counter the fact that in the plaintiff's complaint, the acts committed occurred

in Maryland. Again the focal point of our inquiry is not whether the principal office may have been involved in the determination, but rather, whether venue is proper in light of where the alleged unlawful conduct occurred, where the relevant employment records are located, and where the plaintiff would be employed but for the alleged unlawful conduct. 42 U.S.C. § 2000e-5(f)(3); *Stebbins*, 413 F.2d at 1102. It is not enough to claim that acts occurring in the District of Columbia had an impact. *Donnell*, 568 F. Supp. at 94. Thus, the plaintiff's arguments that the principal office is concerned with the unlawful practice and ultimately had control of the actions are insufficient to establish proper venue. *Id.*; *Darby*, 231 F. Supp. 2d at 278.

The plaintiff also contends that the employment records relevant to the unlawful employment practice are maintained in the District of Columbia. The court disagrees. The plaintiff has indicated that he saw his records in the District of Columbia. The defendant, on the other hand, contends that the employment records were in fact maintained in Maryland and filed declarations in support of this contention. Def.'s Reply at 3; Chaney Decl. at 1, Graves Decl. at 1, Grier Decl. at 1. The plaintiff has not provided any reason for this court to disbelieve the sworn declarations of the defendant. While it is true that the court accepts the plaintiff's well-pled facts as true, the court need not accept bald assertions. *2215 Fifth St. Assocs*, 148 F. Supp. 2d at 54. In response to the plaintiff's contention that he last saw his records in the District of Columbia office, the defendant provides the court with the declaration of Ms. Grier, who oversees the injury compensation office and is the custodian of records of the official injury compensation files for USPS employees working in, *inter alia*, Southern Maryland. Grier. Decl. at 1. Ms. Grier indicates that only the plaintiff's injury compensation files are located in the Capital District Injury Compensation Office in the District of Columbia. *Id.* On the other hand, the declarations of Larry

Chaney, Human Resources Specialist in the Capital Heights District, and Harold Graves, former Supervisor for Delivery Operations in the Capital Heights District, both indicate that any supervisory files maintained on employees are located in the Capital Heights District in the District of Maryland. Chaney Decl. at 1, Graves Decl. at 1. Because the plaintiff's allegations stem from the plaintiff's job assignments and the supervisors controlling his job assignments, which are described in the supervisory files, the files maintained in Maryland are the employment records relevant to the alleged unlawful employment practice. The defendant has presented the foregoing facts and supported those facts, thus defeating the plaintiff's assertion that the employment records are maintained in the District of Columbia.

Finally, the plaintiff's argument that venue is proper because he was offered a position in the District of Columbia as part of an EEOC mediation session does not establish that the plaintiff would have worked in the District of Columbia but for the alleged unlawful acts committed by the defendant. The plaintiff's complaint centers on the conduct of his Maryland supervisor in failing to accommodate his handicap and of the failure of the USPS to offer the plaintiff another position after the plaintiff recovered from his back injury. Compl. ¶¶14,15,16. The mere possibility that the mediation that the plaintiff and the defendant engaged in after the alleged acts occurred could have resulted in the plaintiff becoming employed in the District of Columbia, does not prove that the plaintiff would have been employed in the District of Columbia but for the alleged unlawful employment practices. Presumably, the plaintiff would have continued to work in Maryland but for the alleged unlawful employment practices. Because this action is not based on conduct of the defendant with respect to the mediation, the court rejects the plaintiff's contention that the employment offer is adequate to establish proper venue in this instance. Because the court

ultimately concludes that venue in the District of Columbia is improper, in the interest of justice, the court transfers this case to the proper venue, the District of Maryland.

### IV.   CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to transfer the plaintiff's complaint to the District of Maryland for improper venue. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 2nd day of May 2005.

RICARDO M. URBINA
United States District Judge